IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Asha Lane Gibson, ) | C/A No. 6:15-132-HMH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NSA; DEA; FBI; IBM; CIA; Navy, ) | |
| ) | |
| Defendants ) | |
| _____) | |

Asha Lane Gibson, ("Plaintiff"), proceeding pro se, brings this civil action seeking injunctive relief to stop Defendants' alleged misconduct and requesting criminal prosecution. Plaintiff is a non-prisoner, and she paid the full filing fee. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff resides in Greenville, South Carolina, and it appears that she seeks to sue five United States government agencies, the NSA, DEA, FBI, CIA, and Navy, and one private company, IBM. [Doc. 1 at 1–2.] She alleges specifically that she is suing the NSA located in Fort Meade, Maryland, the CIA and FBI located in Washington, DC, the DEA located in Springfield, VA, the Department of Navy Tort Claim Unit located in Norfolk, VA, and IBM / ESIS, Inc. Wilmington Casualty located in Scranton, PA. [*Id.*] Plaintiff's statement of claim is the following: "[e]ach defendant is involved according to the evidence that I have received from Melinda Kidder at Columbia Investigation, Dr. Hildegarde Staninger Industrial Toxicologist Results. As I submit my documents to each of them they didn't deny they were not involved." [Doc. 3.]

Plaintiff attached 206 pages of documents to the Complaint in order to provide more information about her claim. [*See* Doc. 1.] In summary, although it is difficult to decipher, Plaintiff seems to allege the following. She has been a victim of electromagnetic weapons targeting her central nervous system and electronic hardware or biosensors implanted inside of her body. [*See* Doc. 1-2 to 1-27.] At times, she has been electronically raped or remotely tortured. [*Id.*] She did not consent to the experiments because they were conducted by Defendants without her knowledge, and she has been learning more about what has happened to her by having testing done by Melinda Kidder, a private investigator at Columbia Investigation, and Dr. Hildegarde Staninger, an Industrial Toxicologist. [*Id.*] She has an abnormal electronic signal being emitted from her body, and she receives satellite signals from the Middle East, Pacific Rim, and Asia directly transmitted into her body, voice to skull. [*Id.*] The technology was developed by IBM and others, and the frequencies linked with her body were assigned to Defendants. [*Id.*] She may have unknowingly consumed edible chips. [*Id.*] She underwent a polygraph to demonstrate that she is being truthful about what has been happening to her. [*Id.*] She attached reports about her that were created by Melinda Kidder and Dr. Hildegarde Staninger. [*Id.*]

Plaintiff's attachments also indicate that she apparently submitted a personal injury claim seeking damages to the NSA in July of 2014; there is no evidence of a decision by NSA. [Doc. 1-8 at 4.] Further, she apparently submitted a Standard Form 95 Claim for Injury to the DEA in June of 2014, and it denied her claim. [Doc. 1-8 at 5.]

In the Complaint, Plaintiff requests the following relief:

> I am asking the Court to please assist in this investigation. I would like for the individuals that are involved to be prosecuted to the fullest as Michigan State have (sic) "Electronic

> Harassment, Life In Prison." I would like peace in my life, and my surroundings. The individuals that are using the technology to harm myself & surrounding (sic) must be made to stop immediately. I am requesting injunction (sic) relief immediately.

[Doc. 1 at 5.]

This Court created special interrogatories for Plaintiff, and she submitted her answers on February 23, 2015. [Doc. 10.] This Court directed Plaintiff to explain, as to each agency that she seeks to sue, what steps she took to file an administrative claim and whether each agency gave her a final answer. [*Id.*] Plaintiff responded that pursuant to "FOIA" she requested information from each of the government agencies. [*Id.*] She contends that she received "information" from all Defendants except CIA and FBI. [*Id.*] Plaintiff explains that she has ". . . not received a final answer from any agency," and she is ". . . still receiving information on where these individuals can be located & be prosecuted." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that

subject matter jurisdiction exists, and that a case is not frivolous.[1]  *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted,* 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (2007); *see also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Plaintiff is a pro se litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Although it is difficult to determine what type of claim Plaintiff seeks to bring, liberally construed, Plaintiff may be seeking to allege a claim pursuant to *Bivens*.[2]  In *Bivens v. Six*

---

[1] This Court is not conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915.

[2] However, Plaintiff does not request damages in this action. [Doc. 1 at 5.]

4

*Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.[3]  "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits."  *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993) (*citing*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule)).  However, the *Bivens* right of action has been limited.  *See Cioca v. Rumsfeld*, 720 F.3d 505, 510–12 (4th Cir. 2013) (explaining that the expansion of a *Bivens* action is the exception not the rule, and "no *Bivens* action will lie where special factors counsel hesitation in creating an implied right of action").  And, this Court lacks subject matter jurisdiction over such claims against a federal agency.  *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 486 (1994)).  Thus, Plaintiff's claims against NSA, DEA, FBI, CIA, and Navy, should be dismissed for lack of subject matter jurisdiction.

To the extent Plaintiff may be seeking to proceed under the Federal Tort Claims Act ("FTCA") for her alleged personal injuries, this Court lacks jurisdiction over the claim.  A suit under the FTCA lies only against the United States, which is not named as a defendant. *See* 28 U.S.C. § 2674; *Cibula v. United States*, 664 F.3d 428, 429–30 (4th Cir. 2012) (explaining that the FTCA waives sovereign immunity in tort actions related to negligent

---

[3]A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982).  Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir. 2000).

acts or omissions). The United States has sovereign immunity and any waiver of that immunity is strictly construed in favor of the United States. *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012). A federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); 28 U.S.C. § 2679. The FTCA waives the sovereign immunity of the United States in certain situations, and litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Thus, because Plaintiff has not complied with the FTCA requirements, her claim pursuant to the FTCA should be dismissed for lack of subject matter jurisdiction.

Additionally, this entire action should be dismissed based on frivolousness because Plaintiff's factual contentions are delusional. *See Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact). This Court notes that Plaintiff seems to sincerely believe the factual allegations happened to her[4]; however, the sincerity of Plaintiff's beliefs does not affect whether her beliefs are delusional or fanciful. *See Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Brock v. Angelone*, 105 F.3d 952, 953–54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served

---

[4]In the Complaint, Plaintiff makes no factual allegations to explain how she was experimented upon without her knowledge. She relies on the fact that Defendants "didn't deny they were not involved" and apparently on the attached reports created by Melinda Kidder and Dr. Hildegarde Staninger. However, this Court still finds that this lawsuit is based on delusional factual contentions. Also, Plaintiff's polygraph results merely indicate that she sincerely believes her delusional factual allegations.

at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. A'ppx 303 (4th Cir. 2007).

Moreover, even if Plaintiff's factual allegations are considered to be not delusional, this entire action should be dismissed because this Court lacks jurisdiction to bring a prosecution or investigation of anyone. It is apparent that Plaintiff's primary contention is that this Court delve into the investigation of electronic harassment and to bring about the prosecution of those who are illegally performing un-consenting experiments on other individuals, but this requested relief has no basis in law.[5] Plaintiff cannot have this Court prosecute criminal charges against Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

---

[5]Even liberally construed, Plaintiff does not allege a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For example, she does not allege that she made a sufficiently specific reasonable request for records from a government agency, and the agency failed to make the records available. *See Am. Management Serv., LLC v. Dep't of the Army*, 703 F.3d 724, 728–29 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 62 (2013). In fact, she contends that she is still receiving information from the agencies. [Doc. 10 at 2.]

7

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**


March 12, 2015                              s/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).